IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WARDELL LEROY GILES,           )
                               )
          Plaintiff,           )
                               )
     v.                        ) Civ. No. 16-1037-SLR
                               )
KIRK NEAL,                     )
                               )
          Defendant.           )

## MEMORANDUM ORDER

At Wilmington this 9th day of January, 2017, having considered plaintiff's emergency motion, construed as a motion for injunctive relief (D.I. 7);

IT IS ORDERED that the motion (D.I. 7) is **denied**, for the reasons that follow:

1. **Background**. Plaintiff Wardell Leroy Giles ("plaintiff"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that defendant Kirk Neal ("Neal") and other officers orchestrated plaintiff's assault by another inmate.  (D.I. 1) On December 15, 2016, plaintiff filed an emergency motion, construed as a motion for injunctive relief stating that he "fears for his life and safety at SCI."  (D.I. 7)  Plaintiff was housed at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware when he filed the motion.  He has since been transferred to the VCC.

2. **Standard**.  A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest."

*NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)

("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See*

*NutriSweet Co. v. Vit-Mar Enterprises., Inc.,* 112 F.3d 689, 693 (3d Cir. 1997)

("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible

under Rule 65 must be treated as a preliminary injunction, and must conform to the

standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a

plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d

at 153. Furthermore, because of the intractable problems of prison administration, a

request for injunctive relief in the prison context must be viewed with considerable

caution. *Rush v. Correctional Med. Services, Inc.,* 287 F. App'x 142, 144 (3d Cir. 2008)

(unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

　　　3. **Discussion**. Plaintiff claims that Neal came into plaintiff's living quarters and

made a non-verbal threat towards him when he "made his hand into a gun and pointed

at [plaintiff]." (D.I. 7) Plaintiff states this happened after he submitted protective

custody papers and signed onto protective custody to keep Neal away from him.

Plaintiff claims that his current housing assignment is not proper protective housing.[1]

He also states that he seeks a transfer, but "others are interfering with the transfer and

are trying to get plaintiff a[n] assault charge and taunt [him]." (*Id.*) Warden G.R.

Johnson ("Johnson") opposes the motion. (D.I. 9) Plaintiff replies that Johnson's

position is "false." (D.I. 13)

---

　　　[1]In his reply, plaintiff indicates that he was transferred to the Security Housing
Unit ("SHU"), "the most cruelest place in the Department of Correction, outside of death
row." (D.I. 13)

2

4.   Upon review of the allegations made by plaintiff, the court concludes that he has not demonstrated the likelihood of success on the merits.  To the extent that plaintiff's claims are based upon the hand gestures made by Neal, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983.  *See Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979).  To the extent plaintiff takes exception to his housing assignment, in Delaware, inmates have no constitutionally protected interest in their classification.  *Riley v Snyder,* 72 F. Supp. 2d 456, 460 (D. Del. 1999); *Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997).  Finally, to the extent plaintiff seeks a transfer to a different facility or claims that there is interference with a transfer, the Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose.  *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)).  In addition, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state.  *Olim v. Wakinekona,* 461 U.S. 238, 251(1983).

5.   **Conclusion**.  For the above reasons, the court will deny plaintiff's motion for injunctive relief.  (D.I. 7)

UNITED STATES DISTRICT JUDGE

3